```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                   NORTHERN DIVISION
```

MOHAMED ELERAKY, M.D.                                      PLAINTIFF

VS.                              CIVIL ACTION NO. 3:15CV509TSL-RHW

ROBERT A. MCDONALD, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF THE UNITED
STATES DEPARTMENT OF VETERANS AFFAIRS;
JOE BATTLE; DAVID WALKER, M.D., RONALD
BRASWELL, M.D.; AND JOHN DOES 1-10                        DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

     By memorandum opinion and order entered February 2, 2016, this court granted the motion of defendants to dismiss the employment discrimination claims asserted by plaintiff Mohamed Eleraky, M.D. against individual defendants Joe Battle, David Walker, M.D. and Ronald Braswell under Title VII of the Civil Rights Act.  At the same time, the court reserved ruling on defendants' further request to dismiss plaintiff's separate putative Bivens claim against these defendants for alleged violations of his substantive and procedural due process rights unrelated to employment discrimination.  The court noted that defendants' original motion did not adequately cover such claim but their rebuttal did advance a basis for its dismissal, namely, that the Civil Service Reform Act (CSRA), 5 U.S.C. § 1101, *et seq.*, preempts any judicial remedy for plaintiff's claims, as such claims purport to challenge a "prohibited personnel practice."

See Schwartz v. Int'l Federation of Prof. and Technical Eng'rs, AFL-CIO, 306 Fed. Appx. 168, 172, 2009 WL 62236, 2 (5th Cir. 2009). See also Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008) (quoting Collins v. Bender, 195 F.3d 1076, 1079 (9th Cir. 1999)) (stating that under CSRA, "a federal employee's personnel-related complaints are preempted 'even if no remedy [is] available ... under the CSRA.'"). The court offered plaintiff an opportunity to address defendants' CSRA argument prior to the court's proceeding with consideration of defendants' motion to dismiss his Bivens claim, which plaintiff has now done. The court has reviewed and considered the parties' arguments with respect to plaintiff's Bivens claim and concludes that it is due to be dismissed for reasons which follow.

Background

As the court explained in its prior opinion, plaintiff alleges in his complaint that he became employed as a neurosurgeon with the G. V. "Sonny" Montgomery Veterans Affairs Medical Center (VAMC) in 2011. According to his complaint, beginning in July 2013 and continuing to the present, his operating and clinical privileges have been summarily suspended, ostensibly pending an investigation or medical review. He avers that during all this time, defendants have failed to timely complete and/or to inform him of the basis for and/or outcome of said medical review/ investigation, in violation of VAMC's own bylaws/guidelines and of

2

his procedural and substantive due process rights. He states that throughout this time, he has remained in a state of uncertainty, and that while he remains employed by the VAMC as its only neurosurgeon, he is not allowed to see any patients or perform surgeries. He charges that all of this has been done "for various inappropriate reasons, including any or all of his initial refusal to amend certain patient records until ordered to do so, his ethnicity and any related speech pattern issues, and in retaliation for his filing of an EEOC complaint."

Based on these allegations, plaintiff filed this action against Robert A. McDonald, in his official capacity as Secretary of the Department of Veterans Affairs (VA), and against three defendants individually: Joe Battle, Director of the VAMC; David Walker, M.D., VAMC Chief of Staff; and Ronald Braswell, M.D., former VAMC Acting Chief of Surgery. He has purported to assert (1) a claim against the VA for various injunctive relief based on alleged violations of VAMC regulations and plaintiff's constitutional rights; (2) a claim against all defendants for employment discrimination under Title VII; and (3) a Bivens claim against Battle, Walker and Braswell for violation of his procedural and substantive due process rights for suspending him in violation of applicable VA regulations.

Defendants moved to dismiss all plaintiff's claims against the individual defendants. The court granted that motion as to

3

plaintiff's claim against the individual defendants for employment discrimination, because Title VII is his exclusive remedy for employment discrimination and because the individual defendants do not qualify as "employers" under Title VII.  The issue which the court noted was first raised by defendants' response was whether the CSRA precluded any <u>Bivens</u> action against the individual defendants.  In his surrebuttal, plaintiff acknowledges that "[t]o the extent that any of [his] claims against the individual defendants constitute allegations of acts that are enumerated as 'prohibited personnel practices' under § 2302 (of the CSRA), then they are within the CSRA's confines...."  He still maintains, though, that he has a cognizable <u>Bivens</u> claim, arguing that

> to the extent his due process claims against the individual defendants do not fall within claims for discrimination under Title VII or prohibited personnel practices under § 2302 of the CSRA, then they are properly before this court in accordance with 38 U.S.C. § 7462, which is the basis of the current suspension of his privileges and which specifically allows for judicial review.

<u>Plaintiff Has Not Asserted a Viable Bivens Claim</u>

"The federal courts have power to grant relief, including damages, for violations of constitutional rights under the general statutory grant of authority to decide all cases 'aris[ing] under the Constitution, laws or treaties of the United States.'" <u>Heaney v. U.S. Veterans Admin.</u>, 756 F.2d 1215, 1219-20 (5th Cir. 1985)

4

(quoting 28 U.S.C. § 1331, and citing Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). However, Congress may expressly or impliedly withhold a remedy:

> Bivens established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate "special factors counseling hesitation in the absence of affirmative action by Congress." 403 U.S., at 396 [91 S. Ct. at 2004]; Davis v. Passman, 442 U.S. 228, 245 [99 S. Ct. 2264, 2277, 60 L. Ed. 2d 846] (1979). The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective. Bivens, supra, at 397 [91 S. Ct. at 2005]; Davis v. Passman, 442 U.S., at 245-247 [99 S. Ct. at 2277-2278].

Heaney, 756 F.2d at 1220 (quoting Carlson v. Green, 446 U.S. 14, 18-19, 100 S. Ct. 1468, 1471, 64 L. Ed. 2d 15 (1980)(emphasis supplied)).

Title 38, United States Code § 7462, to which plaintiff refers in his surrebuttal, is part of a "specially-crafted set of disciplinary and grievance procedures for VA physicians" appointed under 38 U.S.C. § 7401(1)[1] that is separate from the CSRA. Toppo v. Norby, 157 F. App'x 990, 991 (9th Cir. 2005)(citing Berry v.

---

[1] Plaintiff was appointed pursuant to 38 U.S.C. § 7401, which authorizes the Secretary of the Department of Veterans Affairs to appoint personnel, including physicians, as he may find necessary for the healthcare of veterans.

5

Hollander, 925 F.2d 311, 314-15 (9th Cir. 1991), and Khan v. United States, 201 F.3d 1375, 1379-81 (Fed. Cir. 2000).  Section 7461 provides that

> (a) Whenever the Under Secretary for Health (or an official designated by the Under Secretary for Health) brings charges based on conduct or performance against a section 7401(1) employee and as a result of those charges an adverse personnel action is taken against the employee, the employee shall have the right to appeal the action.
>
> (b)(1) If the case involves or includes a question of professional conduct or competence in which a major adverse action was taken, such an appeal shall be made to a Disciplinary Appeals Board under section 7462 of this title.[2]

Section 7462 provides that such Disciplinary Appeals Board "shall have exclusive jurisdiction to review" such cases, and it prescribes a detailed procedure for appeal which includes notice and opportunity for an oral hearing prior to a decision by the Disciplinary Appeals Board.  Following a decision by the Disciplinary Appeals Board, the Secretary of the Department of Veterans Affairs may accept or reject the Board's decision.  The Secretary's action is considered the final administrative action in the case, and is subject to judicial review, as follows:

> (f)(1) A section 7401(1) employee adversely affected by a final order or decision of a Disciplinary Appeals

---

[2] In any other case, an appeal is required to be made either through Department grievance procedures prescribed by § 7463 or through grievance procedures provided through collective bargaining under chapter 71 of title 5, depending on the circumstances.  See 38 U.S.C. § 7461(b)(2)(B).

6

>     Board (as reviewed by the Secretary) may obtain judicial
>     review of the order or decision.
>     (2) In any case in which judicial review is sought under
>     this subsection, the court shall review the record and
>     hold unlawful and set aside any agency action, finding,
>     or conclusion found to be--
>     (A) arbitrary, capricious, an abuse of discretion, or
>     otherwise not in accordance with law;
>     (B) obtained without procedures required by law, rule,
>     or regulation having been followed; or
>     (C) unsupported by substantial evidence.

Plaintiff's position with respect to § 7462 is not entirely clear. On the one hand, he appears contend that since the purported purpose of the suspension of his privileges was related to patient care and clinical competence, then the suspension of his privileges is subject to judicial review in accordance with § 7462(f). However, there is nothing in plaintiff's complaint to indicate that he brought this action pursuant to § 7462(f) to obtain judicial review of the decision to suspend his privileges. Moreover, the judicial review for which the statute provides is judicial review of "a final order or decision of a Disciplinary Appeals Board (as reviewed by the Secretary)"; as is clear from plaintiff's complaint, there has been no such decision. As a result, even if the plaintiff had brought this action under § 7462(f), the claim would not be cognizable and would be dismissed. See Frantz v. Shinseki, No. 1:10CV275, 2012 WL 259980, at *5 (M.D.N.C. Jan. 27, 2012) (although plaintiff claimed that major adverse actions occurred, she failed to show that she attempted to appeal the Agency's actions to the Disciplinary

7

Appeals Board and thus her claim under § 7462 was dismissed for failure to exhaust administrative remedies, and moreover, there had been no decision by the Disciplinary Appeals Board and no review by the Secretary there was no final order or decision for the Court to review, so her claim for review under § 7462 was not properly before the court).

Plaintiff argues, presumably in the alternative, that despite § 7462, he still has an actionable due process claim for damages against the individual defendants under Bivens based on his allegations that they have intentionally delayed or stalled the process for finally resolving issues relating to the purported basis for his suspension.[3]  In this regard, plaintiff's complaint alleges that he has been suspended, essentially indefinitely, pending the conclusion of an investigation which will either exonerate him and result in the reinstatement of his privileges, or result in the imposition of further disciplinary action.  He complains that the individual defendants, in contravention of VA policies and procedures and his due process rights, have intentionally delayed or stalled resolution of the investigation in an apparent attempt to leave him in a state of uncertainty which they hope will ultimately cause him to resign.

---

[3]  He does not allege they have prevented him from appealing his suspension.

Courts have consistently held that "the administrative remedial procedures in Title 38 and its associated VA regulations preclude <u>Bivens</u> causes of action." <u>Lerner v. Shinseki</u>, No. 3:12-CV-00565-TBR, 2013 WL 1758752, at *6 (W.D. Ky. Apr. 24, 2013) (holding that "because Title 38 provides a comprehensive regulatory scheme established by Congress, [the plaintiff VA physician] is precluded from challenging an adverse employment decision via a <u>Bivens</u> action.") (citing cases); <u>see also</u> <u>Hardison v. Cohen</u>, 375 F.3d 1262, 1265-66 (11th Cir. 2004) (holding that VA physicians, who are provided limited remedies in Title 38, are not allowed to bring a <u>Bivens</u> action); <u>Heaney</u>, 756 F.2d at 1219 (holding that the enactment of the grievance procedures in the statutory predecessor to § 7461 *et seq*. presents a special factor counseling hesitation and precludes any private damages action under <u>Bivens</u>).

Therefore, based on the foregoing, it is ordered that plaintiff's remaining claim against the individual defendants, i.e, a putative <u>Bivens</u> claim for alleged due process violations, is dismissed with prejudice.

SO ORDERED this 19th day of February, 2016.

                                        <u>/s/Tom S. Lee</u>
                                        UNITED STATES DISTRICT JUDGE