UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MOHAMED ELERAKY, M.D.**                                                       **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 3:15CV509-TSL-RHW**

**ROBERT A. MCDONALD, in his official capacity as**
**Secretary of the Department of Veterans Affairs;**
**JOE BATTLE; DAVID WALKER, M.D.;**
**RONALD BRASWELL, M.D.; and JOHN DOES 1-10**         **DEFENDANTS**

## DEFENDANT'S REPLY TO PLAINTIFF'S
## RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL

      Defendant, by and through the United States Attorney, responds to the arguments contained in Plaintiff's Response in Opposition to Continue Trial as follows:

      The trial of this matter initially was set for a four-week trial calendar beginning May 7, 2018. Through communications with the Court, the trial date was tentatively set for May 14, 2018. Plaintiff's opposition offers no explanation whatsoever of how the requested continuance prejudices him. Again, this is the Defendant's first request for a continuance of trial in this matter.

      Following the Court's denial of summary judgment on the Plaintiff's national origin claim, the Defendant attempted to resolve this matter. The parties engaged in what the Defendant believed were good faith settlement negotiations. Judge Robert H. Walker held a settlement conference in Jackson, Mississippi on April 20, 2018. Prior to the conference, Defendant's counsel engaged in numerous conferences with the agency to ensure the upcoming settlement conference was productive and in good faith. These discussions pulled the Defendant's counsel away from trial preparations. Counsel, however, believed the settlement conference could resolve this case. To the contrary, at the conference, Defendant's counsel

quickly realized that the Plaintiff did not intend to resolve this matter pretrial and wasted not only the Court's time, but Defendant's counsel. Despite that, the Court asked the Defendant to provide certain information related to the Plaintiff's life insurance coverage and also asked that the Plaintiff's attorney provide the Defendant with a "best number" for settlement as a number was never provided during the conference.

As instructed, the Defendant provided the Plaintiff and the Court the life insurance information the same day as the settlement conference. After a week's lapse, Judge Walker followed up with Plaintiff's counsel. The Defendant subsequently learned that the Plaintiff's "best number" pretrial was many times over the statutory cap. As the Court is aware, the Plaintiff's best day in Court would never get him anywhere near the number he wants to settle the case.

Aside from that, the Plaintiff cannot show prejudice from a trial continuance when throughout this case he has sought additional time for numerous reasons. Specifically,

ECF No. 6, Motion for Additional Time to Serve Process (**seeking 90 days**)

ECF No. 27, Plaintiff's Unopposed Motion to Extend Time to Designate Experts (**45 days**)

ECF No. 31, Plaintiff's Second Unopposed Motion to Designate Experts (**45 days**)

ECF No. 47, Plaintiff's Third Unopposed Motion to Designate Experts (**14 days**)

ECF No. 74, Unopposed Motion to Take Deposition Out of Time (**14 days after discovery**)

ECF No. 80, Unopposed Motion to Respond to Summary Judgment (**12 days**)

ECF No. 81, Unopposed Motion for Additional Time to Respond to Motion to Strike (**12 days**)

In total, the Plaintiff sought over 7 months (232 days) worth of continuances. The Defendant did not oppose the Plaintiff's requested continuances but now claims, when the Defendant needs to continue the trial (for the first time) for unexpected reasons, *i.e.*, lead

counsel's injuries from a car accident, that he will be prejudiced.

The lead AUSA, Angela Williams, continues to experience pain and dizziness from her accident that prohibits her from working, including witness and trial preparation. She has been to the doctor twice since her accident on Thursday of last week and is currently working to schedule another appointment for today as her condition has not improved. Ms. Williams has indicated her willingness to provide the Court with a doctor's excuse if necessary. She has been the sole AUSA on this case until recently and is intimately familiar with the case.

As explained in Defendant's motion, a trial continuance will allow lead counsel to recover from her accident so she can engage in meaningful trial preparation. A continuance will also allow the Court time to adjudicate the pending matters and conduct a Pretrial Conference. The Plaintiff will not be prejudiced by a trial continuance, as he has requested multiple extensions throughout this litigation.

For these reasons, the Defendant respectfully requests that the Court continue the trial date.

DATED: April 30, 2018.

Respectfully submitted,

D. MICHAEL HURST, JR.
Acting United States Attorney

*/s/ Kristi H. Johnson*
KRISTI H. JOHNSON
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, MS 39201
Phone: (601) 973-2887
Fax: (601) 965-4409
Email: kristi.johnson2@usdoj.gov
MS Bar No. 102891

# **CERTIFICATE OF SERVICE**

     I, KRISTI H. JOHNSON, Assistant United States Attorney, hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send a notice of electronic filing to all counsel of record.

     DATED: April 30, 2018.

                                                  */s/ Kristi H. Johnson*
                                                  KRISTI H. JOHNSON
                                                  Assistant United States Attorney